UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

Case No. C25-2028RSM

TINA EASA, individually and on behalf of
all others similarly situated,

ORDER DENYING MOTION TO
COMPEL ARBITRATION

Plaintiff,

v.

NORCO, INC., an Idaho Corporation and
DOES 1-20, inclusive,

Defendants.

This matter comes before the Court on Defendant NORCO, Inc.'s Motion to Compel Arbitration, Dkt. #9. The Court has reviewed the Motion, as well as a response and reply, Dkts. #12 and #13. Neither party requests oral argument.

According to the Motion, Plaintiff "was placed at NORCO as a 'Temp to Hire' contract employee of third-party staffing company, Aston Carter, Inc. ('Aston Carter'), and was later converted into a permanent employee of NORCO through that temp-to-hire arrangement." Dkt. #9 at 6. When she was hired by Aston Carter, she signed a "Mutual Arbitration Agreement" that stated:

ORDER DENYING MOTION TO COMPEL ARBITRATION - 1

As consideration for my application for and/or my employment with Aston Carter, Inc. and for the mutual promises herein, I and the Company (as defined below) (each a "party" and collectively "the parties") agree that:

**Except (i) as expressly set forth in the section, "Claims Not Covered by this Agreement," all disputes, claims, complaints, or controversies ("Claims") that I may have against Aston Carter, Inc. and/or any of its subsidiaries, affiliates, officers, directors, employees, agents, and/or any of its clients or customers (collectively and individually the "Company"), or that the Company may have against me, including contract claims; tort claims; discrimination and/or harassment claims; retaliation claims; claims for wages, compensation, penalties or restitution; and any other claim under any federal, state, or local statute, constitution, regulation, rule, ordinance, or common law, arising out of and/or directly or indirectly related to my application for employment with the Company, and/or my employment with the Company, and/or the terms and conditions of my employment with the Company, and/or termination of my employment with the Company (collectively "Covered Claims"), are subject to confidential arbitration pursuant to the terms of this Agreement and will be resolved by Arbitration and NOT by a court or jury. The parties hereby forever waive and give up the right to have a judge or a jury decide any Covered Claims.**

Dkt. #11 at 12 (emphasis in original).

After Plaintiff's temp-to-hire arrangement ended, Norco offered Plaintiff direct employment and gave her a "stack of onboarding paperwork, including a formal job application, authorizations for deduction from pay, consent to a background check, an equal employment opportunity form, a confidentiality and non-solicitation agreement, and an acknowledgement of receipt of NORCO's employee handbook." Dkt. #12 at 3 (citing Dkt. #12-1). None of these new materials contained an arbitration agreement. "From that point on, Aston Carter was no longer involved in [Plaintiff's] relationship with NORCO in any way." Dkt. #12-1 at 3.

ORDER DENYING MOTION TO COMPEL ARBITRATION - 2

NORCO relies on the Mutual Arbitration Agreement as a third-party beneficiary to compel arbitration of Plaintiff's claims against it, even though those claims deal with her employment as a permanent employee of NORCO after her time as a temp.

Plaintiff Easa argues that "the Aston Carter Agreement was executed during Plaintiff's onboarding with Aston Carter and provides that claims arising out of Plaintiff's 'employment with the Company' must be brought in arbitration. Without more, this language plainly refers to the specific employment relationship between Plaintiff and Aston Carter that was being formed at that time, and does not extend to claims based on events after the employment relationship ended, such as Plaintiff's subsequent, direct employment relationship with NORCO." Dkt. #12 at 2.

"The [Federal Arbitration Act ("FAA")] provides that any arbitration agreement within its scope 'shall be valid, irrevocable, and enforceable,' and permits a party 'aggrieved by the alleged refusal of another to arbitrate' to petition any federal district court for an order compelling arbitration in the manner provided for in the agreement." *Chiron Corp. v. Ortho Diagnostic Sys., Inc.*, 207 F.3d 1126, 1130 (9th Cir. 2000) (citations and ellipses omitted). "The FAA requires federal district courts to stay judicial proceedings and compel arbitration of claims covered by a written and enforceable arbitration agreement." *Nguyen v. Barnes & Noble Inc.*, 763 F.3d 1171, 1175 (9th Cir. 2014) (internal citation omitted); *Chiron*, 207 F.3d at 1130 ("[T]he Act 'leaves no place for the exercise of discretion by a district court, but instead mandates that district courts shall direct the parties to proceed to arbitration on issues as to which an arbitration agreement has been signed.'") (citation omitted). "The FAA limits the district court's role to determining whether a valid arbitration agreement exists, and whether the agreement encompasses the disputes at issue." *Nguyen*, 763 F.3d at 1175 (citing *Chiron*, 207 F.3d at 1130). To determine

ORDER DENYING MOTION TO COMPEL ARBITRATION - 3

"whether a valid arbitration agreement exists, federal courts 'apply ordinary state-law principles that govern the formation of contracts.'" *Id*. (quoting *First Options of Chi., Inc. v. Kaplan*, 514 U.S. 938, 944, 115 S. Ct. 1920, 131 L. Ed. 2d 985 (1995)).

The Court has reviewed the briefing of the parties and the agreements at issue. Taking all of this into consideration with the above law, the Court finds that NORCO has failed to point to an arbitration agreement that covers the claims here, based on events after Plaintiff's employment as an Aston Carter temp. The Agreement cited by NORCO only required arbitration for "covered claims," which explicitly covered only claims "arising out of and/or directly or indirectly related to" Plaintiff's application for employment, or employment, or termination of her employment with "the Company," which refers to Aston Carter and its clients. NORCO was a client of Aston Carter. However, the employment of Plaintiff by Aston Carter and its client NORCO ended when Plaintiff was no longer employed by Aston Carter and assigned to NORCO as a client. After that point, Plaintiff was employed by NORCO directly and the "employment" contemplated by the agreement ceased. Defendant has failed to convince the Court that the claims here are "indirectly related" to Plaintiff's employment with Aston Carter, or that equitable estoppel should apply.

Accordingly, having reviewed the relevant briefing and the remainder of the record, the Court hereby finds and ORDERS that Defendant NORCO, Inc.'s Motion to Compel Arbitration, Dkt. #9, is DENIED.

DATED this 2nd day of June, 2026.

RICARDO S. MARTINEZ
UNITED STATES DISTRICT JUDGE

ORDER DENYING MOTION TO COMPEL ARBITRATION - 4